**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

          v.                                      07-CR-238-A
                                                 **DECISION AND ORDER**

ANTONIO WILLIAMS,

                Defendant.
_____

      The Defendant, Antonio Williams, is charged in a one-count petition for offender under supervision. The petition alleges that the Defendant punched a man in the back of the head, causing him "to see stars," while the man was waiting for an elevator at the apartment building in which he and the Defendant both live. The petition alleges that the Defendant therefore committed a state crime in violation of the terms of his supervised release.[1]

      The Defendant has moved for bail pending the disposition of the violation petition. A person charged with a violation of supervised release "shall . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6). The Defendant makes two arguments for release.

      First, the Defendant points to the fact that he served approximately five years longer in prison than he should have served.[2] The Defendant therefore argues that, as a

---

[1] The petition alleges that that the Defendant committed assault in the third-degree (a misdemeanor), in violation of New York Penal Law § 120.00-01.

[2] The Defendant was originally sentenced to 156 months' imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After the Supreme Court's decision in *Johnson v. United States*,

1

matter of fairness, he should be released pending the disposition of the violation petition. It goes without saying that any time spent in prison beyond that authorized by law—much less five years—is too much time. But the only question before the Court is whether the Defendant has shown, by clear and convincing evidence, that he will neither flee nor pose a danger to the safety of any other person or the community. If the Defendant is ultimately found to have violated the terms of his supervised release, his excess prison time *may* be relevant to any sentence the Court imposes in this case, but it has no bearing on the Defendant's flight risk or dangerousness.

Second, the Defendant points to his medical condition as a basis for release. Even accepting the Probation Officer's position that the Defendant "often exaggerated his medical condition," the Defendant's medical condition appears to be serious: defense counsel represents that the Defendant has "chronic, severe diabetes that needs near constant care"; that he currently sees six physicians, including an infectious disease specialist; that he has a "heart condition"; that his eyes are "deteriorating" and will soon require surgery; and that he suffers from depression and post-traumatic stress disorder.

Based largely on his medical history, the Defendant has easily shown, by clear and convincing evidence, that he poses little flight risk. The Defendant's medical condition, as well as his treatment needs, make it very unlikely that he would attempt to flee.

What makes this case more difficult, however, is the Defendant's recent alleged behavior. The Probation Officer reports, for instance, that the Defendant has threatened

---

135 S. Ct. 2551 (2015), however, Judge Michael A. Telesca vacated the Defendant's sentence. The parties then stipulated that the Defendant should be resentenced to a term of imprisonment of time-served, because he "ha[d] served more time than either of the parties' calculation of the defendant's revised sentencing range." Docket No. 333 at 1.

2

a maintenance worker in his apartment building; that, in the presence of two U.S. Probation Officers, the Defendant "smashed a television with his fist and flipped a table" after being questioned about a "heavy-gauged steel pipe wrapped in black electrical tape" in his apartment; and that he threatened to "obtain wood and set fire to [his] apartment building" because the heat was not working. The Court has considered the fact that the Defendant may be prone to hyperbole. The Court has also considered that, in making a bail decision, a court must distinguish between, on the one hand, a person who genuinely poses a threat and, on the other, a person who is simply difficult to deal with. Even with these considerations in mind, however, the Defendant's conduct appears to show that his release would pose a threat to the community or to others.

The Defendant has consented to conditions of release that include electronic monitoring. But many of the allegations that give the Court concern are not the sort of things that electronic monitoring can help prevent: the Probation Officer's memorandum alleges damage to property and possession of what could fairly be described as a weapon. And the report details other conduct—namely, threats and intimidation—that electronic monitoring can do little to prevent. Thus, based largely on the allegations in the Probation Officer's memorandum, the Court concludes that the Defendant has not shown, by clear and convincing evidence, that he would not pose a danger to others and to the community if he were released.

The Defendant's motion for release is therefore denied. However, after considering the arguments in the Defendant's motion, the Court intends to expedite resolution of this case. Thus, the parties shall appear for a status conference on January

3

25, 2018 at 9:30 a.m. At that appearance, the parties should be prepared, if necessary, to set a date for an evidentiary hearing in the near future.

**SO ORDERED.**


Dated: January 24, 2018                      _s/Richard J. Arcara_
     Buffalo, New York               HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE